MICHAEL A. MAURER
WSBA #20230
CHARLES HAUSBERG
WSBA #50029
LUKINS & ANNIS, P.S.
1600 Washington Trust Financial Center
717 W Sprague Ave
Spokane, WA  99201-0466
Telephone: (509) 455-9555
Facsimile: (509) 747-2323

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| JOHN LUNDGREN, TIMOTHY ST. CYR, BELINDA AYLWARD, and GARY STALLS,  themselves and on behalf of all those similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE, N.A., CAPITAL ONE BANK (USA), N.A., and AMAZON WEB SERVICES, INC.,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

Plaintiffs John Lundgren, Timothy St. Cyr, Belinda Aylward, and Gary Stalls ("Plaintiffs"), individually and on behalf of all others similarly situated, through the undersigned counsel, hereby allege the following against Defendants Capital One Financial Corporation, Capital One, N.A., and Capital One Bank (USA), N.A. (collectively, "Capital One" or the

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

Capital One Defendants") and Amazon Web Services, Inc. ("AWS"). Based upon information, belief and investigation of counsel, Plaintiffs specifically allege as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this class action on their own behalf, and on behalf of a nationwide class and state sub-classes as defined herein, against Capital One and AWS because of their failure to protect the confidential information of over 100 million consumers, including names, addresses, zip codes/postal codes, phone numbers, email addresses, dates of birth, self-reported income, credit scores, credit limits, financial balances, payment history, contact information, transaction data, as well as approximately 140,000 social security numbers and approximately 80,000 bank account numbers (collectively, "Personal Identifiable Information" or "PII"). Defendants' failure to safeguard the PII from disclosure has harmed Plaintiffs and the Classes.

2.    On July 29, 2019, Capital One publicly announced that "there was unauthorized access by an outside individual who obtained certain types of personal information relating to people who had applied for its credit card products and to Capital One credit card customers." ("Data Breach").

3.    On August 4, 2019, Capital One updated its information on what it referred to as a "Cyber Incident" and revealed that the "largest category of information accessed was information on consumers and small businesses as of the time they applied for one of our credit card products from 2005 through early 2019."[1]

---

[1] Information on the Capital One Cyber Incident, https://www.capitalone.com/facts2019/ (last accessed August 27, 2019).

COMPLAINT—CLASS ACTION: 2

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401  8/28/19

4.      Through its failure to adequately protect Plaintiffs' and Class Members' (defined below) PII, the Defendants allowed Paige A. Thompson ("Thompson"), a former AWS employee, to obtain access, surreptitiously view, disseminate and make public, Plaintiffs' and Class Members' PII.

5.      As a result of the Capital One and AWS conduct and the ensuing Data Breach, Plaintiffs and Class Members have suffered actual damages, failed to receive the benefit of their bargains, lost the value of their private data, and are at imminent risk of future harm, including identity theft and fraud which would result in further monetary loss. Accordingly, Plaintiffs bring this lawsuit, on behalf of themselves and Class Members, to seek redress for Defendants' unlawful conduct.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because (1) this is a class action involving more than 1,000 members; (2) minimal diversity is present as Plaintiff John Lundgren is a citizen of Washington, Plaintiff Timothy St. Cyr is a citizen of Minnesota, Plaintiff Belinda Aylward is a citizen of New Mexico, and Plaintiff Gary Stalls is a citizen of New Mexico (and the proposed Class Members are from various states), while Defendants are citizens of Virginia and Washington; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

7.      This Court has personal jurisdiction over Defendants because Defendants conduct business in and throughout the Western District of Washington, and the wrongful acts by Defendants alleged in this Complaint, as well as the underlying criminal activity, were committed in the Western District of Washington, among other locations.

COMPLAINT—CLASS ACTION: 3

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

8.    This Court has personal jurisdiction over AWS because it is headquartered in and regularly conducts business in Washington.  In this District, AWS has made business decisions regarding corporate structure, governance, management, security and information technology, including decisions regarding the security measures to protect the PII that it stores. AWS negotiated and entered into agreements in this District with businesses, such as the Capital One Defendants, to store PII for those businesses on AWS servers and to provide other business services. AWS has intentionally availed itself of this Court's jurisdiction by conducting corporate operations here and promoting, selling and marketing services it provides in this District to millions of consumers worldwide.

9.    This Court has personal jurisdiction over the Capital One Defendants because they are authorized to and regularly conduct business in Washington and have sufficient minimum contacts in Washington such that the Capital One Defendants intentionally have availed themselves of this Court's jurisdiction by conducting operations here, negotiating and procuring storage services from Amazon Defendants headquartered in this District, and promoting, selling and marketing its services to customers in this District.

10.    Venue is proper in this District under (1) 28 U.S.C. § 1391(b)(2) because AWS' headquarters and principal place of business is located in this District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, and (2) 28 U.S.C. § 1391(b)(3) because AWS is subject to personal jurisdiction in this District. Moreover, the Capital One Defendants also maintain offices in this District, conduct business in this District, and entered into contractual relations with AWS headquartered in this District.

///

COMPLAINT—CLASS ACTION: 4

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401  8/28/19

## PARTIES

11.     Plaintiff John Lundgren ("Plaintiff Lundgren") is an individual residing in Reardan, Washington, who has been a Capital One credit card customer for years and whose PII, on information and belief, was compromised in the data breach described herein.

12.     Plaintiff Timothy St. Cyr ("Plaintiff St. Cyr") is an individual residing in McGregor, Minnesota, who has been a Capital One credit card customer since approximately June 2005 and whose PII, on information and belief, was compromised in the data breach described herein.

13.     Plaintiff Belinda Aylward ("Plaintiff Aylward") is an individual residing in Edgewood, New Mexico, and a Capital One credit card customer whose PII, on information and belief, was compromised in the data breach described herein.

14.     Plaintiff Gary Stalls ("Plaintiff Stalls") is an individual residing in Albuquerque, New Mexico, who has been a Capital One credit card customer since approximately June 2004 and whose PII, on information and belief, was compromised in the data breach described herein.

15.     Defendant Capital One Financial Corporation is a Delaware corporation with its principal place of business in McLean, Virginia.

16.     Defendant Capital One, N.A., is a national bank with its principal place of business in McLean, Virginia. Defendant Capital One, N.A. is a wholly-owned subsidiary of Capital One Financial Corporation.

17.     Defendant Capital One Bank (USA), N.A., is a national bank with its principal place of business in McLean, Virginia. Defendant Capital One Bank (USA), N.A. is a wholly-owned subsidiary of Capital One Financial Corporation. Upon information and belief, Capital

COMPLAINT—CLASS ACTION: 5

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

One Bank (USA), N.A. (and potentially other Defendants) issued credit cards to U.S. consumers whose PII was compromised as part of the Data Breach.

18.     Defendant Amazon Web Services, Inc. is a corporation existing under the laws of the State of Delaware with its headquarters and principal place of business located at 410 Terry Ave., North, Seattle, WA 98109.

## FACTUAL BACKGROUND

19.     Defendant Capital One Financial Corporation, through its subsidiaries, including Defendants Capital One, N.A., and Capital One Bank (USA), N.A., is one of the largest credit-card issuers in the United States, and one of the top 10 largest banks based on deposits, serving approximately 45 million customer accounts.

20.     On July 29, Capital One publicly announced the following:

> [O]n July 19, 2019, it determined there was unauthorized access by an outside individual who obtained certain types of personal information relating to people who had applied for its credit card products and to Capital One credit card customers . . . . Based on our analysis to date, this event affected approximately 100 million individuals in the United States and approximately 6 million in Canada.
>
> . . .
>
> The largest category of information accessed was information on consumers and small businesses as of the time they applied for one of our credit card products from 2005 through early 2019.[2]

21.     Capital One further disclosed that the hacked or compromised PII included:

a.  Names, addresses, zip codes, postal codes, phone numbers, email addresses, dates of birth, and income;

---

[2]  Capital One Announces Data Security Incident, Capital One, http://phx.corporate-ir.net/phoenix.zhtml?c=70667&p=irol-newsArticle_Print&ID=2405042 (last accessed August 27, 2019).

COMPLAINT—CLASS ACTION: 6

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

b.  Credit scores, credit limits, balances, payment history and contact information;

c.  At least 23 days of transaction data from 2016, 2017 and 2018;

d.  At least 140,000 Social Security Numbers; and

e.  At least 80,000 linked bank account numbers belonging to its secured credit card customers.

22.     The Data Breach occurred on March 22 and 23, 2019, and continued at least until April 21, 2019. Defendants represented they did not discover the breaches until July 19, 2019, but did not publicly disclose the breaches until July 29, 2019, over four months after the PII of over 100 million customers and credit card applicants were compromised.

23.     On July 29, 2019, the FBI arrested, and federal prosecutors charged, Thompson (social media aka "erratic"), a former AWS systems engineer, with computer fraud and abuse in violation of 18 U.S.C.§ 1030(a)(2) in a criminal complaint filed in this Court. The criminal charges allege that Thompson unlawfully gained access to Class Members' PII.

24.     According to the criminal complaint, Thompson was able to gain access to the PII collected by Capital One and stored on AWS' cloud hosted environment. It is alleged that Thompson exploited a "configuration vulnerability" to gain access to the Capital One customers' PII, including information provided through the process of applying for Capital One credit cards.[3] According to Capital One, this "unauthorized access also enabled the decrypting of data."[4]

---

[3] *See* Frequently Asked Questions, Capital One (July 31, 2019) https://www.capitalone.com/facts2019/2/ (last accessed August 14, 2019).
[4] *Id.*

COMPLAINT—CLASS ACTION: 7

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

25.     Published reports suggest that Thompson was able to exploit a well-known type of security vulnerability known as Server-Side Request Forgery ("SSRF") to perform the attack.[5] By exploiting an SSRF vulnerability, Thompson was able to trick the AWS server into disclosing sensitive server-side information that would otherwise be inaccessible outside the firewall.[6] In this case, reports suggest that Thompson was able to use SSRF to execute a request on an Amazon Elastic Compute Cloud ("EC2") instance controlled by Capital One that revealed Capital One's S3 credentials.[7] The Amazon Simple Storage Services ("Amazon S3" or "S3") is an object storage service that Amazon provides "to store and protect any amount of data for a range of use cases, such as websites, mobile applications, backup and restore, archive, enterprise applications, IoT devices, and big data analytics."[8]

26.     The SSRF attack was possible due to a well-known vulnerability that AWS has failed to correct, despite knowing of the vulnerability for years. The SSRF vulnerability allows attackers to trick AWS EC2 instances into disclosing an AWS users' credentials.[9] The single-line command that exposes AWS credentials on any EC2 system was previously known by AWS and is in fact included in their online documentation.[10]

///

///

///

---

[5] *See* What We Can Learn from the Capital One Hack, Krebs on Security (August 2, 2019) https://krebsonsecurity.com/tag/capital-one-breach/ (last accessed August 27, 2019).
[6] *Id.*
[7] *Id.*
[8] *See* Amazon S3 Overview, https://aws.amazon.com/s3/ (last accessed August 27, 2019).
[9] *See* What We Can Learn from the Capital One Hack, Krebs on Security (August 2, 2019) https://krebsonsecurity.com/tag/capital-one-breach/ (last accessed August 27, 2019).
[10] *See* IAM Roles for Amazon EC2, https://docs.aws.amazon.com/AWSEC2/latest/UserGuide/iam-roles-for-amazon-ec2.html (last accessed August 27, 2019)

COMPLAINT—CLASS ACTION: 8

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

27.     It is widely known in the data security industry that the SSRF vulnerability is a common and well known issue with public cloud based computing and has quickly become one of the most serious threats to cloud server data security.[11]

28.     Reports indicate that Thompson initially gained access to Capital One's systems on March 22, 2019, and that the breach continued through at least April 21, 2019.

29.     In a June 16, 2019 tweet, Thompson described her method for gaining access to files stored on AWS S3 systems that appears to closely match the method used to access Capital One's data:



**ERRQTiC** @0xA3A97B6C · Jun 16
Replying to @fouroctets
Then i launch an instance into their vpc with access to aurora, attach the correct security profile and dump your mysql to local 32tb storage, luks encrypted, perhaps using a customer gateway to vpc ipsec session over openvpn, over socks proxies depending on how lucky im feeling

♡      ⟲      ♡ 3      ⤒



**ERRQTiC** @0xA3A97B6C · Jun 16
Replying to @fouroctets
And then i hack into their ec2 instances, assume-role their iam instance profiles, take over thr account and corrupt SSM, deploying my backdoor, mirror their s3 buckets, and convert any snapshots i want to volumes and mirror the volumes i want via storage gateway

♡ 1      ⟲      ♡ 4      ⤒

30.     The attack described in Thompson's tweets on June 16, 2019 indicates a general vulnerability of certain configurations of AWS S3 systems using a widely known vulnerability of which the Amazon Defendants were aware and could have prevented.

31.     Thompson further posted a comment in a public chatroom on the chat platform Slack on June 27, 2019, showing other chatroom participants hundreds of gigabytes of files she

---

[11] *See* Evan Johnson, *Preventing The Capital One Breach*, https://ejj.io/blog/capital-one (last accessed August 27, 2019).

COMPLAINT—CLASS ACTION: 9

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1  had apparently exfiltrated from various targets using the same AWS configuration

2  vulnerability.[12] Below is a screenshot of Thompson's Slack comment, which includes names of a

3  number of large companies and organizations:

4



18  32.   Despite these public boasts, Defendants did not discover the breach until four

19  months after Thompson initially gained access to the compromised data through the AWS

20  configuration vulnerability, when an unknown third party notified the Capital One Defendants

21  via email on July 17, 2019.[13] The email included a link to a file containing the leaked PII. The

---

[12]  *See* Brian Krebs, Capital One Data Theft Impact 106M People, Krebs on Security, https://krebsonsecurity.com/2019/07/capital-one-data-theft-impacts-106m-people/ (last accessed August 27, 2019).

[13]  *See* https://www.capitalone.com/facts2019/ (last accessed August 27, 2019).

COMPLAINT—CLASS ACTION: 10

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

file provided in the link, which was time stamped April 21, 2019, also contained code for commands used in the intrusion, as well as a list of more than 700 folders or "buckets" of data.



**Capital**One          Responsible Disclosure (Shared) <responsibledisclosure@capitalone.com>

[External Sender] Leaked s3 data

Wed, Jul 17, 2019 at 1:25 AM

To "responsibledisclosure@capitalone.com" <responsibledisclosure@capitalone.com>

Hello there,

There appears to be some leaked s3 data of yours in someone's github / gist

https://gist.github.com/

Let me know if you want help tracking them down

Thanks,

## **Defendants' Cloud Hosting Security**

33.    Defendants were and are obligated to Capital One credit card applicants and customers like Plaintiffs and Class Members to keep their PII secure and to protect it from unauthorized disclosures. Plaintiffs and Class Members provided their PII to Capital One with the reasonable expectation that Capital One, AWS and any business partners or agents to whom Capital One disclosed PII would keep such information confidential and secure from unauthorized disclosures.

34.    Capital One explicitly assured credit card applicants and customers that "Capital One uses 256-bit Secure Sockets Layer (SSL) technology. This means that when you are on our website, the data transferred between Capital One and you is encrypted and cannot be viewed by any other party."[14]

35.    Defendants' security failures demonstrate that they failed to honor their duties and promises by not:

---

[14] *See e.g.,* Application for Venture Credit Card, https://applynow.capitalone.com/?productId=6691 (last visited July 29, 2019).

COMPLAINT—CLASS ACTION: 11

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

a.   maintaining an adequate data security system to limit the risk of data

breaches and cyber-attacks;

b.   adequately monitoring its system to identify the data breaches and

cyber-attacks; and

c.   adequately protecting Plaintiffs' and the Class's PII.

36.     Capital One leases cloud-based storage provided by AWS. AWS hosts Capital One credit card applications and financial materials containing PII. AWS provides information technology infrastructure services to businesses like the Capital One Defendants in the form of various web services. AWS specifically offers a range of services including what is referred to as Amazon Elastic Compute Cloud ("EC2") and Amazon Simple Storage Services ("Amazon S3" or "S3").[15]

37.     Cloud computing has boomed as companies have increasingly turned to cloud based hosting experienced providers such as AWS to configure computer networks and firewalls within their own data centers. The data processing power of those servers and storage devices is then leased out to customers who seek to securely host customers' PII.

38.     Among financial institutions, Capital One hastened its adoption of cloud-computing. Many other banks hesitated to move sensitive customer data out of their own data centers. Capital One turned to AWS in 2014 to host its customers' sensitive data, and has since become one of AWS' major customers.

39.     According to AWS, Amazon S3 "is an object storage service that offers industry-leading scalability, data availability, security, and performance." S3 allows AWS customers to

---

[15] *See* Amazon EC2, https://aws.amazon.com/ec2/ (last accessed August 27, 2019) and Amazon Simple Storage Services, https://aws.amazon.com/s3/ (last accessed August 27, 2019).

COMPLAINT—CLASS ACTION: 12

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

"store and protect any amount of data" for a range of uses.[16] To ensure S3 security, customers only have access to the S3 resources they create.  A customer can grant access to other users by using one of several access management features.[17] AWS notes that, "[b]y default, all Amazon S3 resources -- buckets, objects, and related subresources . . . are private: only the resource owner, an AWS account that created it, can access the resources."[18]

40.    AWS also provides "Amazon GuardDuty" for customers, which AWS describes as "a threat detection series that continuously monitors for malicious activity and unauthorized behavior to protect your AWS accounts and workloads."  In fact, AWS notes that GuardDuty helps "detect activity such as . . . credential compromise behavior, communication with known command-and-control servers, or API calls from known malicious IPs."[19]

## AWS Data Security

41.    AWS has made affirmative representations regarding its commitment to the security of data stored on its servers:

> "At AWS, security is our highest priority. We design our systems with your security and privacy in mind.
>
> - We maintain a wide variety of compliance programs that validate our security controls....
>
> - We protect the security of your information during transmission to or from AWS websites, applications, products, or services by using encryption protocols and software.
>
> - We follow the Payment Card Industry Data Security Standard (PCI DSS) when handling credit card data.

---

[16] *See* Amazon Simple Storage Services, https://aws.amazon.com/s3/ (last accessed August 27, 2019).
[17] *See* Amazon S3 Features, https://aws.amazon.com/s3/features/#access_management_and_security (last accessed August 27, 2019).
[18] *See* Identity and Access Management, https://docs.aws.amazon.com/AmazonS3/latest/dev/s3-access-control.html (last accessed August 27, 2019).
[19] *See* Amazon GuardDuty, https://aws.amazon.com/guardduty/ (last accessed August 27, 2019).

COMPLAINT---CLASS ACTION: 13

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

- We maintain physical, electronic, and procedural safeguards in connection with the collection, storage, and disclosure of personal information. Our security procedures mean that we may request proof of identity before we disclose personal information to you."[20]

42.    Similarly, the Capital One Defendants promise they are "committed to protecting your personal and financial information. If we collect identifying information from you, we will protect that information with controls based upon internationally recognized security standards, regulations, and industry-based best practices."[21]

43.    Capital One's "Privacy Frequently Asked Questions" further states that:

Capital One understands how important security and confidentiality are to our customers, so we use the following security techniques, which comply with or even exceed federal regulatory requirements to protect information about you:

- We maintain physical safeguards, such as secure areas in buildings; electronic safeguards, such as passwords and encryption; and procedural safeguards, such as customer authentication procedures to protect against ID theft.

- We restrict access to information about you to authorized employees who only obtain that information for business purposes.

- We carefully select and monitor the outside companies we hire to perform services for us, such as mail vendors who send out our statements. We require them to keep customer information safe and secure, and we do not allow them to use or share the information for any purpose other than the job they are hired to do.

- We train our employees on these security procedures, providing security awareness reminders and conducting regular audits to verify compliance."[22]

---

[20] See AWS Privacy Notice, Last Updated: December 10, 2018, https://aws.amazon.com/privacy/ (last accessed August 27, 2019).
[21] See Capital One Online & Mobile Privacy Statement, https://www.capitalone.com/identity-protection/privacy/statement (last accessed August 27, 2019).
[22] See Privacy Frequently Asked Questions, "How does Capital One Safeguard information about me?" https://www.capitalone.com/identity-protection/privacy/faq (last accessed August 27, 2019).

COMPLAINT—CLASS ACTION: 14

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401  8/28/19

44.    The Frequently Asked Questions further states:

We have taken the following steps to ensure secure Internet services:

- We protect our systems and networks with firewall systems.

- We employ Intrusion Detection software and monitor for unauthorized access.

- We maintain and selectively review activity logs to prevent unauthorized activities from occurring within our computing environment.

- We use encryption technology to protect certain sensitive information that is transmitted over the Internet.[23]

45.    Furthermore, Capital One's "Privacy and Opt Out Notice" states: "To protect personal information from unauthorized access and use, we use security measures that comply with federal law. These measures include computer safeguards and secured files. . . ."[24]

46.    Similarly, Capital One's "Social Security Number Protections" disclosure states:

Capital One protects your Social Security Number. Our policies and procedures:

1. Protect the confidentiality of Social Security numbers;

2. Prohibit the unlawful disclosure of Social Security numbers; and

3. Limit access to Social Security numbers to employees or others with legitimate business purposes.

These safeguards apply to all Social Security numbers collected through any channel or retained in any way by Capital One in connection with customer, employee or other relationships. Individuals applying for or obtaining a product or service from us to be used primarily for personal, family or household purposes may obtain more information by reviewing Capital One's Privacy and Opt Out Notice."[25]

---

[23] *Id*. at "Is Capital One's Web site secure?" question.

[24] *See* Capital One Privacy Notice, https://www.capitalone.com/privacy/notice/en-us/ (last accessed August 27, 2019).

[25] *See* Social Security Number Protections, https://www.capitalone.com/identity-protection/privacy/social-security-number (last accessed August 27, 2019).

COMPLAINT—CLASS ACTION: 15

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

47. Despite these numerous security protocols and promises, Defendants have failed to adhere to these explicit assurances about maintaining security for customer PII, as demonstrated by the Data Breach.

**Notification and Injury**

48. Plaintiffs and other Class Members have been injured by the disclosure of their PII in the data breach.

49. Defendants knew or should have known that the PII that they were collecting and storing from Plaintiffs and Class Members, as defined herein, was highly valuable and highly sought-after by criminals.

50. The data security obligations owed by Defendants to the Plaintiffs and Class Members were particularly important given the substantial increase in data breaches, which were widely known to the public, Defendants and their industries.

51. Defendants had ample warnings of weaknesses and risks in their systems, as they have had multiple security breaches in the past. For example, on or about January 2018, Capital One suffered a data breach that compromised data containing PII. In addition, Capital One Defendants have issued formal letters to an undisclosed number of their customers informing that their PII may have been breached, including in letters issued in November 2014, July 2017, and September 2017.

52. The United States Government Accountability Office noted over a decade ago, in a June 2007 report on Data Breaches ("GAO Report") that identity thieves use identifying data such as Social Security Numbers to open financial accounts, receive government benefits and

COMPLAINT—CLASS ACTION: 16

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

incur charges and credit in a person's name.[26] As the GAO Report states, this type of identity theft is the most harmful because it often takes a length of time for the victim to become aware of the theft, and the theft can impact the victim's credit rating adversely.

53.    In addition, the GAO Report states that victims of identity theft will face "substantial costs and inconveniences repairing damage to their credit records" and their "good name."[27]

54.    Identity theft victims frequently are required to spend many hours and large amounts of money repairing the impact to their credit. Identity thieves use stolen personal information such as Social Security Numbers for a variety of crimes, including credit card, phone, utilities, bank and other financial frauds.

55.    There may be a time lag between when PII is stolen and when it is used. According to the GAO Report:

> [L]aw enforcement officials told us that in some cases, *stolen data may be held for up to a year or more before being used to commit identity theft.* Further, once stolen data have been sold or posted on the Web, *fraudulent use of that information may continue for years.* As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[28]

56.    With access to individual PII, criminals can do more than just empty a victim's bank account—they can also commit all manner of fraud, including obtaining a driver's license or official identification card in the victim's name but with the thief's picture; using the victim's name and Social Security Number to obtain government benefits; or filing a fraudulent tax return

---

[26] *See* U.S. Gov't Accountability Off., GAO-07-737, *Personal Information: Data Breaches Are Frequent, but Evidence of Resulting Identity Theft is Limited; However, the Full Extent Is Unknown* (2007).
[27] *Id.* at 2, 9.
[28] *Id.* at 29 (emphasis added).

COMPLAINT—CLASS ACTION: 17

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

using the victim's information. In addition, identity thieves may obtain a job using the victim's Social Security Number, rent a house, or receive medical services in the victim's name. Identity thieves may even give the victim's personal information to police during an arrest, resulting in an arrest warrant being issued in the victim's name.[29]

57.     PII is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the "cyber black-market" for years. As a result of recent large-scale data breaches, identity thieves and cyber-criminals have openly posted stolen credit card numbers, SSNs, and other PII directly on various Internet websites making the information publicly available.

58.     Indeed, data breaches and the theft of PII have a crippling effect on individuals and detrimentally impact the entire economy as a whole. Defendants are aware that financial databases that contain PII are especially valuable to cyber thieves. These same risks of identity theft, damage to credit, stolen accounts, and lost time are applicable to the Plaintiffs and Class Members here, and their respective PII associated with the Data Breach.

## CLASS ACTION ALLEGATIONS

59.     In accordance with Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiffs bring this case as a class action on behalf of a Nationwide Class ("the Nationwide Class") defined as follows:

> All persons in the United States whose PII was provided to Capital One Defendants and maintained on the servers and/or cloud computing systems of AWS that was compromised as a result of the breach announced by Capital One on or around July 29, 2019.

---

[29] *See    Warning    Signs    of    Identity    Theft*,    Federal    Trade    Commission, https://www.identitytheft.gov/Warning-Signs-of-Identity-Theft (last accessed August 27, 2019).

COMPLAINT—CLASS ACTION: 18

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

60.     Plaintiff John Lundgren also brings this class action pursuant to Rules 23(b)(2)

and (b)(3) on behalf of himself and members of the following class ("the Washington Sub-class):

> All persons residing in Washington whose PII was provided to
> Capital One Defendants and maintained on the servers and/or
> cloud computing systems of AWS that was compromised as a
> result of the breach announced by Capital One on or around July
> 29, 2019.

61.     Plaintiff Timothy St. Cyr also brings this class action pursuant to Rules 23(b)(2)

and (b)(3) on behalf of himself and members of the following class ("the Minnesota Sub-class):

> All persons residing in Minnesota whose PII was provided to
> Capital One Defendants and maintained on the servers and/or
> cloud computing systems of AWS that was compromised as a
> result of the breach announced by Capital One on or around July
> 29, 2019.

62.     Plaintiffs Belinda Aylward and Gary Stalls also bring this class action pursuant to

Rules 23(b)(2) and (b)(3) on behalf of themselves and members of the following class ("the New

Mexico Sub-class):

> All persons residing in New Mexico whose PII was provided to
> Capital One Defendants and maintained on the servers and/or
> cloud computing systems of AWS that was compromised as a
> result of the breach announced by Capital One on or around July
> 29, 2019.

63.     Members of the Nationwide Class are referred to herein as "Nationwide Class

Members." Members of the Washington Sub-Class are referred to herein as "Washington Sub-

Class Members." Members of the Minnesota Sub-Class are referred to herein as "Minnesota

Sub-Class Members." Members of the New Mexico Sub-Class are referred to as "New Mexico

Sub-Class Members." The Washington Sub-Class, the Minnesota Sub-Class and the New

Mexico Sub-Class are collectively referred to herein as "the State Sub-Classes." Members of the

COMPLAINT—CLASS ACTION: 19

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

State Sub-Classes are collectively referred to herein as "Sub-Class Members." Members of the Nationwide and Sub-Classes are collectively referred to herein as "Class Members."

64.    The Class Members are so numerous that joinder of all members is impracticable. Although the exact number and identities of Class Members are unknown at this time, on information and belief, there are more than 106 million Class Members. Moreover, the disposition of the claims of the Nationwide Class and the State Sub-Classes in a single action will provide substantial benefits to all parties and the Court.

65.    There are numerous questions of law and fact common to Plaintiffs and all Class Members. These common questions of law and fact include, but are not limited to, the following:

   a.    Whether Defendants' data security systems prior to the data breach complied with all applicable legal requirements;

   b.    Whether Defendants' data security systems prior to the data breach met industry standards;

   c.    Whether Plaintiffs' and other Class Members' PII was compromised in the data breach; and

   d.    Whether Plaintiffs' and other Class Members are entitled to damages as a result of Defendants' conduct.

66.    Plaintiffs' claims are typical of the claims of the Class. Plaintiffs suffered the same injury as Class Members – *i.e.* upon information and belief, Plaintiffs' PII was compromised in the Data Breach. Plaintiff Lundgren's claims are typical of the claims of the Washington Sub-Class, as upon information and belief, Lundgren's PII was compromised in the Data Breach. Moreover, Plaintiff St. Cyr's claims are typical of the claims of the Minnesota Sub-

COMPLAINT—CLASS ACTION: 20

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

Class, as upon information and belief, St. Cyr's PII was compromised in the Data Breach. Likewise, Plaintiffs Aylward and Stall's claims are typical of claims of the New Mexico Sub-Class, as upon information and belief, Aylward and Stall's PII was compromised in the Data Breach.

67.     Plaintiffs will fairly and adequately protect the interests of the Class Members. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including data breach class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class Members and have the financial resources to do so. Neither Plaintiffs nor their counsel have interest that are contrary to or that conflict with those of the proposed Class Members.

68.     Defendants have engaged in a common course of conduct toward Plaintiffs and other Class Members. The common issues arising from this conduct that affect Plaintiffs and Class Members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

69.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class Members' interests in individually controlling the prosecution of separate actions are low given the magnitude, burden, and expense of individual prosecutions against large corporations such as Defendants. It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits. Individualized litigation presents a potential for inconsistent or contradictory judgments, and also increases the delay and expense to all parties and the court system presented by the legal and factual issues of this case. By contrast, the class action procedure here will have no management difficulties. Defendants' records and

COMPLAINT—CLASS ACTION: 21

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

the records available publicly will easily identify the Class Members. The same common documents and testimony will be used to prove Plaintiffs' and Class Members' claims. Further, given the recent discovery of the Data Breach, upon information and belief, no other lawsuits regarding this controversy have progressed beyond the initial pleading stage.

70.    A class action is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to Class Members, so that final injunctive relief or corresponding declaratory relief is appropriate as to all Class Members.

**COUNT I**
**BREACH OF FIDUCIARY DUTY**
(Against The Capital One Defendants)

71.    Plaintiffs reallege and incorporate by reference each paragraph of this Complaint as if set forth fully here, and further allege as follows.

72.    By virtue of their possession, custody and control of Plaintiffs' and Class Members' PII, and their duty to properly monitor and safeguard it, the Capital One Defendants were, and continue to be, in a confidential, special and fiduciary relationship with Plaintiffs and Class Members. As fiduciaries, the Capital One Defendants owed, and continue to owe, Plaintiffs and Class Members:

> (a)   the commitment to deal fairly and honestly;
>
> (b)   the duties of good faith and undivided loyalty; and
>
> (c)   integrity of the strictest kind.

73.    The Capital One Defendants were, and continue to be, obligated to exercise the highest degree of care in carrying out their responsibilities to Plaintiffs and Class Members under such confidential, special and fiduciary relationships.

COMPLAINT—CLASS ACTION: 22

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401  8/28/19

74.    The Capital One Defendants breached their fiduciary duties to Plaintiffs and Class Members by, *inter alia*, improperly storing, monitoring and safeguarding Plaintiffs' and Class Members' PII.

75.    The Capital One Defendants breached their fiduciary duties to Plaintiffs and Class Members by their wrongful actions described above. The Capital One Defendants willfully and wantonly breached their fiduciary duties to Plaintiffs and Class Members or, at the very least, committed these breaches with conscious indifference and reckless disregard of their rights and interests.

76.    Plaintiffs and Class Members have sustained damages due to the aforementioned breaches of fiduciary duty by the Capital One Defendants in an amount to be proven at trial.

## COUNT II
## NEGLIGENCE
(Against All Defendants)

77.    Plaintiffs reallege and incorporate by reference each paragraph of this Complaint as if set forth fully here, and further allege as follows.

78.    Capital One required Plaintiffs and Class Members to submit non-public PII to apply for a credit card.

79.    The contract between AWS and one or more of the Capital One Defendants to securely host the PII of Plaintiffs and Class Members in AWS's cloud based server environment was entered into for the direct benefit of Plaintiffs and Class Members, and the proper performance of that contract would have directly benefited Plaintiffs and the Class Members.

COMPLAINT—CLASS ACTION: 23

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

80.    Plaintiffs and Class Members are the primary intended beneficiaries of the referenced contract between AWS and one or more of the Defendants which was contemplated at the time the contract was entered into.

81.    By collecting and storing Plaintiffs' and Class Members' PII, and sharing it and using it for commercial gain, AWS and the Capital One Defendants had a duty of care to use reasonable means to secure and safeguard this PII, to prevent disclosure of the information, and safeguard the information from theft or unauthorized disclosure.

82.    Defendants' duty included a responsibility to implement a process by which they could detect a breach of their security systems in a reasonably expeditious period of time and give prompt notice to those affected in the case of a data breach.

83.    Defendants also owed a duty of care to Plaintiffs and Class Members to provide security consistent with industry standards and the other requirements discussed herein, and to ensure that their systems and networks adequately protected PII.

84.    Only Defendants were in a position to ensure that their systems were sufficient to protect against harm to Plaintiffs and Class Members from a data breach.

85.    Defendants breached their duty by failing to use reasonable measures to protect and safeguard Plaintiffs' and Class Members' PII.

86.    The specific negligent acts and omissions committed by Defendants include, but are not limited to, the following:

> a.    failing to adopt, implement, and maintain adequate security measures
>        to protect and safeguard Plaintiffs' and Class Members' PII;

COMPLAINT—CLASS ACTION: 24

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

b.  failing to adequately monitor the security of their networks and systems;

c.  allowing unauthorized access to Plaintiffs' and Class Members' PII; and

d.  failing to recognize in a timely manner that Plaintiffs' and other Class Members' PII had been compromised.

87.  It was foreseeable that Defendants' failure to use reasonable measures to protect and monitor the security of PII would result in the Data Breach causing injury to Plaintiffs and Class Members. Further, the breach of security, unauthorized access, and resulting injury to Plaintiffs and Class Members were reasonably foreseeable.

88.  It was therefore foreseeable that the failure to adequately safeguard PII would result in one or more of the following injuries to Plaintiffs and Class Members: ongoing, imminent, certainly impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the deep web black market; expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts; decreased credit scores and ratings; lost work time; and other economic and non-economic harm.

89.  Plaintiffs and Class Members have sustained damages as described herein due to Defendants' negligence. Accordingly, Plaintiffs, individually and on behalf of all those similarly

COMPLAINT—CLASS ACTION: 25

LAW OFFICES OF
LUKINS & ANNIS, PS
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1 situated, seek an order declaring that Defendants' conduct constitutes negligence and awarding

2 damages in an amount to be determined at trial.

### COUNT III
### BREACH OF EXPRESS AND IMPLIED CONTRACT
(Against All Defendants)

90.    Plaintiffs reallege and incorporate by reference each paragraph of this Complaint as if set forth fully here, and further allege as follows.

91.    Plaintiffs and Class Members were parties to actual or implied contracts with the with the Capital One Defendants, pursuant to which the Capital One Defendants agreed to safeguard and protect PII and to timely and accurately notify Plaintiffs and Class Members if their data had been breached and compromised.

92.    Plaintiffs and Class Members also were intended third party beneficiaries of actual or implied contracts between AWS and one or more of the Capital One Defendants, pursuant to which they agreed to safeguard and protect the PII of Plaintiffs and Class Members and to timely and accurately notify them if their data had been breached and compromised.

93.    Defendants provide services to Plaintiffs and Class Members in accordance with the terms of their contracts, card member agreements, and privacy policies. Plaintiffs and Class Members are third-party beneficiaries of any contract among Defendants. Accordingly, Plaintiff and Class Members paid Defendants to properly maintain and store their PII and not disclose it to unauthorized third parties.

94.    Defendants violated their contracts by failing, *inter alia*, to employ reasonable and adequate privacy practices and measures, leading to the disclosure of Plaintiffs' and Class Members' PII for purposes not required or permitted under the contract.

COMPLAINT—CLASS ACTION: 26

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

95.     Plaintiffs and Class Members would not have provided and entrusted their PII to Defendants in the absence of the contract obligations requiring Defendants to keep the PII secure.

96.     Plaintiffs and Class Members fully performed their obligations under the contracts with Defendants.

97.     Defendants breached their contracts with Plaintiffs and Class Members by failing to safeguard and protect their PII and by failing to provide timely and accurate notice that their PII was compromised as a result of a data breach.

98.     As a direct and proximate result of Defendants' contract breaches, Plaintiffs and Class Members sustained actual losses and damages as described herein.

## COUNT IV
## COMMON LAW INVASION OF PRIVACY
(Against All Defendants)

99.     Plaintiffs reallege and incorporate by reference each paragraph of this Complaint as if set forth fully here, and further allege as follows.

100.    Defendants are and were not authorized to disclose, transmit, or otherwise allow access to Plaintiffs' and Class Members' PII to unauthorized persons.

101.    As a result of Defendants' conduct, Plaintiffs' and Class Members' PII was disclosed to or allow to be accessed by unauthorized persons.

102.    Defendants' conduct alleged herein was highly offensive and egregious and would be offensive to a reasonable person as well as an egregious breach of the social norm.

103.    Defendants' conduct violated Plaintiffs' and Class Members' common law right of privacy.

COMPLAINT—CLASS ACTION: 27

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

104.    Defendants' conduct directly resulted in substantial damages and irreparable harm to Plaintiffs and Class Members.

105.    Defendants' conduct was intentional, reckless, and/or negligent.

106.    Plaintiffs and Class Members are entitled to damages in an amount to be proven at trial, punitive damages, injunctive relief, and attorney's fees.

**COUNT V**
**WASHINGTON CONSUMER PROTECTION ACT**
(Against All Defendants)

107.    Plaintiffs reallege and incorporate by reference each paragraph of this Complaint as if set forth fully here, and further allege this Count on behalf of themselves and the Nationwide Class. In the alternative, should a Nationwide Class not be certified with respect to this Count, the allegations of this Count are brought on behalf of Plaintiff Lundgren and the Washington Sub-Class, as follows.

108.    Washington's Consumer Protection Act, RCW §§ 19.86.010, *et seq.* ("WCPA"), promotes fair competition in commercial markets for goods and services for protection of consumers.

109.    The WCPA prohibits any person from "using unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." *See* RCW § 19.86.020.

110.    Defendants are "persons" within the meaning of the WCPA, and conduct "trade" and "commerce" within the meaning of the WCPA. *See* RCW § 19.86.010(2).

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401  8/28/19

111.    Capital One solicited PII from Plaintiffs and Class Members to enhance its corporate profit in the sale of credit services. In doing so, Capital One represented the PII was secure from unauthorized access or use.

112.    As set forth herein, Capital One and AWS each represented that its systems securely stored data, despite knowing of past data breaches.  Defendants affirmatively stored Plaintiffs' and Class Members' PII under unreasonably insecure settings. They likewise failed to take reasonable steps to protect the security of PII collected and stored by them—PII that was ultimately compromised in the Data Breach—and they did not promptly disclose this failure.

113.    Defendants' affirmative representations and omissions had the capacity to and did deceive a substantial portion of the public.

114.    Defendants accepted responsibility for the security of PII collected from Plaintiffs and Class Members and stored on Capital One's AWS cloud-based servers.  Defendants were responsible for designing and implementing security procedures and protocols to ensure the security of the PII, and Defendants knew or should have known that they were not adequately protecting that highly sensitive data.

115.    Defendants' conduct was a deceptive act or practice because it concealed the lack of security in protecting the PII.

116.    Had Plaintiffs and Class Members known that AWS servers storing their PII were vulnerable to intrusion, such that an attacker was able to easily access and disseminate their PII, they would not have been willing to provide their PII to Defendants.

117.    Defendants' conduct in improperly securing and protecting Plaintiffs' and Class Members' PII was an unfair act or practice under the WCPA.

COMPLAINT—CLASS ACTION: 29

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401  8/28/19

118.    As a result of Defendants' conduct, Plaintiffs and Class Members sustained damages as alleged herein.

## COUNT VI
### WASHINGTON DATA BREACH DISCLOSURE LAW
(Against All Defendants)

119.    Plaintiffs reallege and incorporate by reference each paragraph of this Complaint as if set forth fully here, and further allege this Count on behalf of themselves and the Nationwide Class. In the alternative, should a Nationwide Class not be certified with respect to this Count, the allegations of this Count are brought on behalf of Plaintiff Lundgren and the Washington Sub-Class, as follows.

120.    Washington data breach notification law provides that "[a]ny person or business that maintains computerized data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of any breach of the security of the data immediately following discovery, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person." *See* RCW § 19.255.010(2).

121.    The Data Breach alleged herein resulted in "unauthorized acquisition of computerized data that compromise[d] the security, confidentiality, [and] integrity of personal information maintained by" Defendants and, therefore, experienced a "breach of the security of [their] system[s]." *See* RCW §19.255.010(4).

122.    Defendants failed to disclose immediately upon discovery of the Data Breach that the PII of over 100 million customers had been compromised.    Such failure unreasonably delayed notification to Plaintiffs and Class Members that the Data Breach had occurred, in violation of Washington data breach notification law. *See* RCW § 19.255.010.

COMPLAINT—CLASS ACTION: 30

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

## COUNT VII
### MINNESOTA CONSUMER FRAUD ACT,
**Minn. Stat. §§ 325F.68, *et seq*. and Minn. Stat. §§ 8.31, *et seq*.**
(Against All Defendants)

123.    Plaintiff St. Cyr, individually and on behalf of the Minnesota Sub-class, realleges and incorporates by reference each paragraph of this Complaint as if set forth fully here, and further allege as follows.

124.    Defendants, Plaintiff St. Cyr, and Minnesota Sub-Class Members are each a "person" as defined by Minn. Stat. § 325F.68(3).

125.    Defendants' goods, services, commodities, and intangibles are "merchandise" as defined by Minn. Stat. § 325F.68(2).

126.    Defendants engaged in "sales" as defined by Minn. Stat. § 325F.68(4). Defendants engaged in fraud, false pretense, false promise, misrepresentation, misleading statements, and deceptive practices in connection with the sale of merchandise, in violation of Minn. Stat. § 325F.69(1), including:

    a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff St. Cyr and Minnesota Sub-Class Members' PII, which was a direct and proximate cause of the Data Breach;

    b.  Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

COMPLAINT—CLASS ACTION: 31

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

c. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff St. Cyr and Minnesota Sub-Class Members' PII, which was a direct and proximate cause of the Data Breach;

d. Misrepresenting that they would protect the security and privacy of Plaintiff St. Cyr's and the Minnesota Sub-Class Members' PII;

e. Misrepresenting that they would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff St. Cyr's and the Minnesota Sub-Class Members' PII;

f. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff St. Cyr and Minnesota Sub-Class Members' PII; and

g. Omitting, suppressing, and concealing the material fact that they did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff St. Cyr and Minnesota Sub-Class Members' PII.

h. Defendants' conduct was material because it was likely to deceive reasonable consumers about the adequacy of Defendants' data security and ability to protect the confidentiality of consumers' PII.

127. Defendants intended to mislead Plaintiff St. Cyr and Minnesota Sub-Class Members and induce them to rely on its misrepresentations and omissions.

COMPLAINT—CLASS ACTION: 32

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

128.    Defendants' fraudulent, misleading, and deceptive practices affected the public interest, including Plaintiff St. Cyr and Minnesota Sub-Class Members affected by the Data Breach.

129.    As a direct and proximate result of Defendants' fraudulent, misleading, and deceptive practices, Plaintiff St. Cyr and Minnesota Sub-Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their PII.

130.    Plaintiff St. Cyr and Minnesota Sub-Class Members seek all monetary and nonmonetary relief allowed by law, including damages; injunctive or other equitable relief; and attorneys' fees, disbursements, and costs.

## COUNT VIII
## NEW MEXICO UNFAIR PRACTICES ACT,
### N.M. Stat. Ann. §§ 57-12-2, *et seq.*
(Against All Defendants)

131.    Plaintiffs Belinda Aylward and Gary Stalls ("New Mexico Plaintiffs"), individually and on behalf of the New Mexico Sub-Class, reallege and incorporate by reference each paragraph of this Complaint as if set forth fully here, and further allege as follows.

132.    The New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-2, *et seq.*, prohibits both unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce.

133.    Defendants are "persons" within N.M. Stat. Ann. § 57-12-2.

COMPLAINT—CLASS ACTION: 33

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

134.    Defendants were engaged in "trade" and "commerce" within N.M. Stat. Ann. § 57-12-2(C) when engaging in the conduct alleged.

135.    Defendants engaged in unconscionable, unfair, and deceptive acts and practices in connection with the sale of goods or services in the regular course of its trade or commerce, including the following:

a.  Knowingly representing that their goods and services have characteristics, benefits, or qualities that they do not have, in violation of N.M. Stat. Ann. § 57-12-2(D)(5);

b.  Knowingly representing that their goods and services are of a particular standard or quality when they are of another in violation of N.M. Stat. Ann. § 57-12-2(D)(7);

c.  Taking advantage of the lack of knowledge, experience, or capacity of its consumers to a grossly unfair degree to New Mexico Plaintiffs' and the New Mexico Sub-Class' detriment in violation of N.M. Stat. Ann. § 57-12-2(E)(1); and

d.  Performing these acts and practices in a way that results in a gross disparity between the value received by New Mexico Plaintiffs and the New Mexico Sub-Class and the price paid, to their detriment, in violation of N.M. Stat. § 57-12-2(E)(2).

136.    Defendants' unfair, deceptive, and unconscionable acts and practices include, at a minimum:

a.  Failing to implement and maintain reasonable security and privacy measures to protect New Mexico Plaintiffs' and New Mexico Sub-Class Members' PII, which was a direct and proximate cause of the Data Breach;

b.  Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of New Mexico Plaintiffs' and New Mexico Sub-Class Members' PII, which was a direct and proximate cause of the Data Breach;

COMPLAINT—CLASS ACTION: 34

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

02031401 8/28/19

d. Omitting, suppressing, and concealing the material fact that they did not reasonably or adequately secure New Mexico Plaintiffs' and New Mexico Sub-Class Members' PII;

e. Omitting, suppressing, and concealing the material fact that they did not comply with common law and statutory duties pertaining to the security and privacy of New Mexico Plaintiffs' and New Mexico Sub-Class Members' PII.

f. Knowingly misrepresenting that they would protect the privacy and confidentiality of New Mexico Plaintiffs' and New Mexico Sub-Class Members' PII; and

g. Knowingly misrepresenting that they would comply with common law and statutory duties pertaining to the security of New Mexico Plaintiffs' and New Mexico Sub-Class Members' PII.

137. Defendants' conduct was material because it was likely to deceive reasonable consumers about the adequacy of Defendants' data security and ability to protect the confidentiality of consumers' PII.

138. Defendants misled and intended to mislead New Mexico Plaintiffs and New Mexico Sub-Class Members and induce them to rely on its misrepresentations and omissions in purchasing their products or services.

139. Defendants acted intentionally, knowingly, and maliciously to violate New Mexico's Unfair Practices Act, and recklessly disregarded New Mexico Plaintiffs and New Mexico Sub-Class Members' rights. Past data breaches did or should have put Defendants on notice that their security and privacy protections were inadequate.[30]

140. As a direct and proximate result of Defendants' unfair, deceptive, and unconscionable trade practices, New Mexico Plaintiffs and New Mexico Sub-Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and

---

[30] *See, e.g.,* Amazon AWS Cloud Data Leak: Dow Jones Suffers Massive Exposure, https://www.msspalert.com/cybersecurity-breaches-and-attacks/dow-jones-amazon-aws-cloud-data-leak/ (listing eight exemplary data leaks involving AWS) (last accessed August 27, 2019).

COMPLAINT—CLASS ACTION: 35

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1  monetary and non-monetary damages, including from fraud and identity theft; time and expenses

2  related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk

3  of fraud and identity theft; and loss of value of their PII.

4  141.    New Mexico Plaintiffs and New Mexico Sub-Class Members seek all monetary

5  and non-monetary relief allowed by law, including injunctive relief, actual damages or statutory

6  damages, treble damages or statutory damages, and reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class Members demand judgment as follows:

A.    Certification of the action as a Class Action pursuant to Federal Rule of Civil Procedure 23, and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

B.    That acts alleged herein be adjudged and decreed to constitute a breach of fiduciary duty, negligence, breach of implied and express contract and a common law invasion of privacy and amount to violations of the consumer protection laws and data breach notice laws of the State of Washington, State of Minnesota, and State of New Mexico, among other states;

C.    Judgment against Defendants for the damages sustained by Plaintiffs and the Classes defined herein, and for any additional damages, penalties, and other monetary relief provided by applicable law;

D.    By awarding Plaintiffs and Class Members pre-judgment and post-judgment interest as provided by law, and that such interest be awarded at the highest legal rate;

E.    The costs of this suit, including reasonable attorney fees; and

F.    Such other and further relief as the Court deems just and proper.

COMPLAINT—CLASS ACTION: 36

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA 99201
Telephone: (509) 455-9555
Fax: (509) 747-2323

1

## JURY TRIAL DEMANDED

2    Plaintiffs, individually and on behalf of all those similarly situated, hereby request a jury

3    trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

4        DATED this 28th day of August, 2019.

5
                                    LUKINS & ANNIS, P.S.
6

7                                   By:    /s/ Michael A. Maurer
                                           MICHAEL A. MAURER WSBA #20230
8                                          CHARLES HAUSBERG WSBA #50029
                                           717 West Sprague Avenue, Suite 1600
9                                          Washington Trust Financial Center
                                           Spokane, WA 99201
10                                         Telephone: (509) 455-9555
                                           Facsimile: (509) 747-2323
11                                         mmaurer@lukins.com
                                           chausberg@lukins.com
12

13                                  **HELLMUTH & JOHNSON**

14                                  Richard M. Hagstrom (*Pro Hac Vice*\*)
                                    Michael R. Cashman (*Pro Hac Vice*\*)
15                                  Anne T. Regan (*Pro Hac Vice*\*)
                                    Nathan D. Prosser (*Pro Hac Vice*\*)
16                                  8050 West 78th Street
                                    Edina, MN 55439
17                                  Telephone: (952) 941-4005
                                    Facsimile:  (952) 941-2337
18                                  rhagstrom@hjlawfirm.com
                                    mcashman@hjlawfirm.com
19                                  aregan@hjlawfirm.com
                                    nprosser@hjlawfirm.com

20                                  Alfred M. Sanchez
                                    400 Gold Avenue SW, Suite 240
21                                  Simms Building
                                    Albuquerque, NM 87102
22                                  Telephone: (505) 242-1979
                                    lawyeralfredsanchez@gmail.com
23

24                                  *Counsel for Plaintiffs and the Proposed
                                    Classes*

25                                  \**Pro Hac Vice* Applications To Be Filed

26

COMPLAINT—CLASS ACTION: 37

LAW OFFICES OF
**LUKINS & ANNIS, PS**
A PROFESSIONAL SERVICE CORPORATION
717 W Sprague Ave., Suite 1600
Spokane, WA  99201
Telephone: (509) 455-9555
Fax:  (509) 747-2323

02031401 8/28/19